**HUA CHENG WANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–0432–ag.

United States Court of Appeals, Second Circuit.

March 5, 2007.

Frank R. Liu, New York, NY, for Petitioner.

Donald J. DeGabrielle, Jr., United States Attorney, Albert Ratliff, Assistant United States Attorney, Houston, TX, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Hua Cheng Wang, a native and citizen of the People's Republic of China, seeks review of a January 17, 2006, order of the BIA affirming the September 24, 2004, decision of Immigration Judge ("IJ") Jeffrey S. Chase denying his claim for relief under the Convention Against Torture ("CAT"). *In Re Hua Cheng Wang*, No. A79 331 585 (B.I.A. Jan. 17, 2006), *aff'g* No. A79 331 585 (Immig. Ct. N.Y. City Sept. 24, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). We review *de novo* questions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003), *Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005).

The IJ's finding that Wang failed to establish that he left China illegally is supported by substantial evidence. Wang's testimony on the subject was sparse, and he acknowledged that he was issued a passport in his own name, and that he was in possession of it until he came to the United States. Because Wang used his own passport to leave China, the IJ did not err in concluding that he had departed legally. Because it was Wang's burden to show that he is eligible for CAT relief, the IJ did not err in denying Wang's application where he failed to prove a fact that was the very basis of his claim. *See* 8 C.F.R. § 1208.16(c)(2); *Mu Xiang Lin v. USDOJ*, 432 F.3d 156, 159 (2d Cir.2006). Furthermore, even if Wang had established that he departed China illegally, we would still deny his CAT claim. The mere possibility that Wang, upon his return to China, might be subject to punishment for violating the laws of that country does not demonstrate a likelihood of torture under CAT. *See Matter of Sibrun*, 18 I. & N. Dec. 354, 359 (BIA 1983).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.